IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO ALEXANDER MCGEE,

        Plaintiff,

vs.                            Case No. 20-3085-SAC

CORIZON, et al.,

        Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging a violation of his constitutional rights in relation to his medical care as an inmate in the Kansas prison system. He brings this case pursuant to 42 U.S.C. § 1983. This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

1

Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker

2

v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

Plaintiff's complaint (Doc. No. 3) states that he asked for an x-ray around the start of December 2019 and that he received one on March 4, 2020. It appears from Doc. No. 1-1 that plaintiff disagreed with the interpretation of the x-ray and asked for a second opinion which was denied. Plaintiff alleges that there was a misdiagnosis or misinterpretation of the x-ray. Plaintiff names Corizon, the Kansas Department of Corrections, D. Lundry (a medical administrator), and an unknown doctor as defendants.

III. Screening

Plaintiff's complaint fails to state a plausible claim of a violation under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff is apparently claiming a violation of the Eighth Amendment of the Constitution.[1]  Prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976). This can result from intentionally denying or delaying access to medical care.  Id. at 104-05.  But, proof of inadvertence or negligence is not sufficient to establish a valid claim.  Id. at 105-06.  Plaintiff must show the defendants knew plaintiff "faced a substantial risk of harm and disregarded that risk 'by failing to take reasonable measures to abate it.'"  Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)(quoting Farmer, 511 U.S. at 847). A disagreement between an inmate and medical personnel over the course of treatment does not give rise to a deliberate indifference claim.  Arriaga v. Roberts, 2020 WL 2037218 *1 (10th Cir. 4/28/2020)(disagreement over medication); Morris v. Fallin, 798 Fed.Appx. 261, 270 (10th Cir. 2020)(disagreement over need for foam wedge or mattress); Dawson v. Archambeau, 763 Fed.Appx. 667, 672

---

[1] Plaintiff does not mention the Eighth Amendment in his complaint, but there is no other constitutional provision that would possibly apply to plaintiff's allegations.  Plaintiff does mention malpractice.  But that is a state law claim which this court shall not consider under the allegations made here.  Medical malpractice in the form of negligence alone does not state an Eighth Amendment violation.  See Burke v. Regalado, 935 F.3d 960, 992 (10th Cir. 2019); Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005); Perkins v. Kansas Dept. of Corr., 165 F.3d 803, 811 (10th Cir. 1999).

(10th Cir. 2019)(disagreement over hepatitis C treatment); Rascon v. Douglas, 718 Fed.Appx. 587, 591 (10th Cir. 2017)(disagreement over pain medication); Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010)(same); see also Estelle, 429 U.S. at 107 ("[T]he question whether an x-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment."); Self v. Crum, 439 F.3d 1227, 1234 (10th Cir. 2006)("a misdiagnosis, even if rising to the level of medical malpractice," is insufficient to demonstrate an Eighth Amendment claim); Mata, 427 F.3d at 751 ("the medical judgment of the physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim").  On the basis of this authority, the court finds that plaintiff has not stated a plausible claim under § 1983.

In addition, plaintiff's claims against the Kansas Department of Corrections and Corizon are deficient for other reasons.  The Kansas Department of Corrections, as a state agency, is immune from being sued under § 1983.  Franklin v. Kansas Dept. of Corrections, 160 Fed.Appx. 730, 734 (10th Cir. 12/23/2005); Blaurock v. Kansas Dept. of Corrections, 2011 WL 4001081 *2 (D.Kan. 9/8/2011). Also, to state a claim against Corizon, plaintiff must identify an official policy or custom that led to a constitutional

violation.  <u>Wabuyabo v. Correct Care Sols.</u>, 723 F. App'x 642, 643 (10th Cir. 2018).  Plaintiff has failed to allege such facts.

IV. <u>Conclusion</u>

Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 4) is granted.  The court believes that the complaint fails to state a federal claim for relief.  The court shall direct that plaintiff by June 8, 2020 show cause why plaintiff's federal claims should not be dismissed as explained in this order.  In the alternative, plaintiff may file an amended complaint by June 8, 2020 which corrects the deficiencies discussed herein.  An amended complaint supersedes the original complaint and must contain all of the claims upon which plaintiff wishes to proceed.  An amended complaint should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 11th day of May, 2020, at Topeka, Kansas.

s/Sam A. Crow   _____
Sam A. Crow, U.S. District Senior Judge